**RECORD NO. 13-4597**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

COLLIN HAWKINS,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HONORABLE CATHERINE C. BLAKE, U.S.D.J.

**OPENING BRIEF OF APPELLANT**

Thomas J. Saunders
LAW OFFICE OF THOMAS J. SAUNDERS
3600 Clipper Mill Road, Suite 201
Baltimore, Maryland 21211
(202) 320-8968
thomas.j.saunders@gmail.com

*Counsel for Appellant*

November 18, 2013

TABLE OF CONTENTS

STATEMENT OF SUBJECT MATTER JURISDICTION
AND BASIS FOR APPELLATE JURISDICTION ..................................... 1

ISSUES PRESENTED FOR REVIEW ................................................................. 1

STATEMENT OF THE CASE ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

SUMMARY OF ARGUMENTS ............................................................................. 4

    I.    The Trial Judge Erred in Failing to Suppress the Fruits of an Illegal
        Stop and Arrest of Appellant ................................................................ 4
        A.    Standard of Review ................................................................. 4
        B.    Argument ................................................................................. 4
    II.   Prior Appellate Counsel Provided Ineffective Assistance of Counsel
        for Failing to Raise the Issue of the Illegal Arrest ............................ 10
        A.    Standard of Review ............................................................... 10
        B.    Argument ............................................................................... 10

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH
    LIMITATIONS ................................................................................. 12

CERTIFICATE OF SERVICE ............................................................................. 13

TABLE OF AUTHORITIES

### Federal Cases

*Anders v. California*, 386 U.S. 738 (1979) .......................................................... 4, 8

*Doe v. Chao*, 511 F.3d 461 (4th Cir. 2007) ............................................................. 10

*Johnson v. Zerbst*, 304 U.S. 458 (U.S. 1938) .......................................................... 9

*Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502 (4th Cir. 1992) ................................................................................................................. 10

*Strickland v. Washington*, 466 U.S. 668 (1984) ...................................................... 10

*United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005) .......................................... 9

*United States v. Richardson*, 195 F.3d 192 (4th Cir. 1999) .................................... 11

*United States v. Rusher*, 966 F.2d 868 (4th Cir. 1992) ........................................... 4

### Statutes

18 U.S.C.A § 922(g)(1) ............................................................................................ 1
18 U.S.C.A § 1291 ................................................................................................... 1
18 U.S.C.A. § 3231 .................................................................................................. 1
18 U.S.C.A. § 3742 .................................................................................................. 1
28 U.S.C.A. § 2255 .................................................................................................. 1

## STATEMENT OF SUBJECT MATTER JURISDICTION AND BASIS FOR APPELLATE JURISDICTION

Appellant appeals from the final judgment of conviction and sentence from the United States District Court for the District of Maryland, Northern Division. The United States District Court for the District of Maryland was the court of original subject matter jurisdiction pursuant to 18 U.S.C.A. § 3231. A notice of appeal was filed on August 14, 2013

The United States Court of Appeals for the Fourth Circuit has jurisdiction of the appeal pursuant to 18 U.S.C.A § 1291 and 18 U.S.C.A. § 3742.

## ISSUES PRESENTED FOR REVIEW

I.   Whether the trial judge erred in failing to suppress the fruits of an illegal stop and arrest of Appellant

II.  Whether prior appellate counsel provided ineffective assistance of counsel for failing to raise the issue of the illegal arrest

## STATEMENT OF THE CASE

On 12/20/2006 Collin Hawkins was indicted. On 3/7/2007 a superseding indictment was brought against Mr. Hawkins charging him with Carjacking, 18 USC § 2119 (Count 1), Use of a Firearm, 18 USC § 924(c) (Count 2), and Felon in Possession, 18 USC 922(g)(1), Count 3. A jury trial commenced on February 4, 2008 and resulted in a conviction on all three counts on February 7, 2008. On May

1

13, 2008, Mr. Hawkins was sentenced to 180 months for Count I, 180 months for Count II to run consecutive to Count I and 120 months for Count III to run concurrent to Counts I and II for a total term of 360 months and three years of supervised release. A notice of appeal was filed on May 15, 2008.

On 12/18/2009 this Court issued an opinion in Case No. 08-4576 affirming in part and vacating in part the judgment of the trial court and remanded the case to the District Court. On remand the Government elected not to pursue a retrial on Counts 1 and 2 and proceeded to a sentencing on Count 3 wherein this Court had affirmed the conviction. On August 2, 2013, Mr. Hawkins was sentenced to 63 months with two years of supervised release. On August 14, 2013, Mr. Hawkins filed a timely Notice of Appeal.

## STATEMENT OF FACTS

On 11/2/07 a motions hearing was held. Counsel for Mr. Hawkins had filed a Motion to Suppress Evidence on 10/2/07 [Document 22].

> At the outset the following occurred:
>
> [COURT] If I understand the Government's contentions, Mr. Lawlor, number one, the Defense does not challenge the statements under either Miranda or under the Fifth Amendment directly, and, number two, my understanding is that, at some time before the encounter at the Alameda Shopping Center, an arrest warrant had been issued for Mr. Hawkins in relation to an earlier

2

> event, the event that was then actively under investigation by the detaining officers, and, if that is so, it is clear that, quite apart from all of what went on and led up to the detention and ultimate arrest of Mr. Hawkins at or near the Exxon station, the Alameda Shopping Center, the arrest comported with the Fourth Amendment, because there was an arrest warrant outstanding, and, as we all know, there is no requirement that the arresting officers themselves have probable cause, nor is there any requirement that the arresting officers themselves know, in fact, that there has been an arrest warrant issued for the Defendant.
>
> It's an objective test, and objectively viewed. If, in fact, what the Government represents is true -- and I certainly have no reason to think it's not true -- the matter ends there, if the extent of the challenge here is with respect to the legality of the arrest/detention of the Defendant.
>
> Am I correct, Mr. Weinstein, that there was, indeed, an arrest warrant issued by a Baltimore City Court Commissioner.
>
> MR. WEINSTEIN: That is correct, Your Honor. The only thing I would correct or modify from what Your Honor recited is that the officers who did the detention at the Exxon station, in fact, did not know, although I agree with you legally it doesn't matter, but the matter for which there was an arrest warrant pending was not a matter under these particular officers' investigation, but it was something that the police department was investigating.

Defense counsel responded to the Court as follows:

> MR. LAWLOR: Your Honor, I am not in a position, nor would I dispute the Government's representation that there was an arrest warrant that was issued on or about November 22nd stemming from the carjacking. That said,

3

as Mr. Weinstein just indicated to the Court, it's my belief that the officers who accosted and ultimately apprehended Mr. Hawkins on December 9th were not aware of the issuance or the existence of the arrest warrant, and, given that fact and given why they did approach him, accost him, arrest him, search him, still violated the Fourth Amendment. That is the Defendant's position -

## SUMMARY OF ARGUMENTS

I. Whether the trial judge erred in failing to suppress the fruits of an illegal stop and arrest of Appellant

II. Whether prior appellate counsel provided ineffective assistance of counsel for failing to raise the preserved issue of the illegal arrest

Regretfully appointed counsel can find no merits to these issues and is filing this brief with its arguments pursuant to *Anders v. California*, 386 U.S. 738 (1979).

## ARGUMENTS

I. The Trial Judge Erred in Failing to Suppress the Fruits of an Illegal Stop and Arrest of Appellant

A. Standard of Review

This Court reviews the district court's factual findings for clear error, and review whether those facts warrant suppression of evidence under a *de novo* standard of review. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992).

B. Argument

Mr. Hawkins' position is that the police officers arrested him without probable cause and that clear violation of his rights warrants suppression of the

4

evidence collected from that arrest, that is the handgun which is the basis for the conviction on Count 3.

On the first day of trial Mr. Hawkins entered into a stipulation regarding Count 3.

> MR. LAWLOR: Okay. Now, we've had discussions about Count Three dealing with the possession of the gun that the police found on your person on December 9th. Is that right?
>
> THE DEFENDANT: Yes, sir.
>
> MR. LAWLOR: And you understand that we have made a tactical decision during the course of this trial to essentially plead guilty to that offense?
>
> THE DEFENDANT: Yes, sir.
>
> MR. LAWLOR: That we're going to admit to the jury and we're going to enter into stipulations which you've signed, correct?
>
> THE DEFENDANT: Yes, sir.
>
> MR. LAWLOR: Saying that you understand that you have a prior predicate felony conviction, is that right?
>
> THE DEFENDANT: Yes, sir.
>
> MR. LAWLOR: And you understand that the gun traveled in interstate commerce, is that right?
>
> THE DEFENDANT: Yes.
>
> MR. LAWLOR: And you agree, and agree that we can tell the jury that you did, in fact, possess that gun on December 9th?

5

THE DEFENDANT: Yes, sir.

MR. LAWLOR: And you don't have a problem with that. You understand that we will be arguing fully that you were not involved in the carjacking on November 22nd and those are separate events and separate charges. Do you understand that?

THE DEFENDANT: Yes, sir.

MR. LAWLOR: Okay. And you've had enough time to discuss this with me?

THE DEFENDANT: Yes, sir.

MR. LAWLOR: Do you agree with the decision that we're making about that count?

THE DEFENDANT: Yes, sir.

MR. LAWLOR: Okay. Is that sufficient, Your Honor?

THE COURT: Just a few follow-up questions, Mr. Hawkins. You understood everything that Mr. Lawlor just explained to you?

THE DEFENDANT: Yes, sir.

THE COURT: And you and he have discussed this, I take it, at some length previously?

THE DEFENDANT: Yes, sir.

THE COURT: It's somewhat unusual, but it does happen from time to time, that a defense attorney says to the jury, essentially, we're not contesting this charge, what the government says is true. And so that amounts to a guilty plea. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Now, the jury will still be instructed in this case that they must find beyond a reasonable doubt, based on the evidence in the case, that you did possess

6

that firearm and the other elements of the crime. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: They'll still have to make a decision. But by the decision that you and Mr. Lawlor have made for him to tell the jury that you're not contesting it, that's going to make their job very easy. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Because they're going to have Mr. Lawlor's concession, as well as the evidence that the government will put in. So the jury will almost certainly convict you on that count.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that while you and Mr. Lawlor, of course, together have to decide how best to proceed in this case in front of a jury, you should understand that human beings being what they are, it could be that some jurors think you are more likely guilty of the carjacking because you are admitting to having the gun, even though Mr. Lawlor might argue, and some jurors might think, well, he's admitting guilt to one thing, so maybe he's not guilty on the other thing. Do you understand? In other words, it's a tricky kind of thing and nobody can predict what the jury's going to do about that. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: But I just want to be sure that you understand that this is a decision that you and your lawyer have made jointly, after fully considering the circumstances, as to how to proceed in this case. Do you understand that?

>THE DEFENDANT: Yes, sir.

>THE COURT: The jury will still have to consider all the evidence in the case, follow the Court's instructions on the law, and the instruction, among others, will be that the jury has to be convinced beyond a reasonable doubt, which is the highest burden of proof known to the law, before they can convict you on any counts, even though Mr. Lawlor's going to concede to the jury that you did possess the firearm and that you had a prior conviction that made you a prohibited person. Do you understand that?

>THE DEFENDANT: Yes, sir.

>THE COURT: Do you have any questions about the Court's explanation or Mr. Lawlor's decision?

>THE DEFENDANT: No, sir.

>THE COURT: Are you making this decision freely and voluntarily?

>THE DEFENDANT: Yes, sir.

>THE COURT: Anybody threatened you in any way or coerced you to enter into this kind of an approach?

>THE DEFENDANT: No, sir.

Transcript 2/4/2008 P. 16-20.

Mr. Hawkins has directed counsel to review the testimony of Officer William Painter who arrested Mr. Hawkins. Transcript 2/5/2008 P. 168-188. Officer Painter and other officers intended to talk with Mr. Hawkins. Before approaching him Officer Painter observed Mr. Hawkins reach for his waistband several times consistent with checking a firearm in the waistband and upon

8

confronting Mr. Hawkins Officer Painter observed him reaching for his waistband which caused him to draw his weapon and arrest Mr. Hawkins after a struggle.

Mr. Lawlor did not cross-examine Officer Painter and immediately thereafter read to the jury the stipulation agreed to above.

The colloquy with the trial judge regarding the decision to stipulate to the possession of the handgun by Mr. Hawkins appears to meet the test set forth by the Supreme Court and this Court for a knowing and intelligent waiver. See, *Johnson v. Zerbst*, 304 U.S. 458, 465 (U.S. 1938); *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

The brief on the initial appeal, Case No. 08-4576, did not raise this issue[1]. On appeal, a party waives "any issue that could have been but was not raised"

---

[1]

1. Whether the district court erred in denying Defendant's motion to sever Counts One and Two of the Superseding Indictment, charging Defendant with carjacking and possession of a firearm in furtherance of a crime of violence, from Count Three, charging Appellant with being a felon in possession of a handgun, where Count Three was entirely unrelated to the carjacking offense?
2. Whether the district court erred in failing to suppress evidence pursuant to Fed.R.Evid. 404(b), regarding Appellant's statement that he was a drug dealer and stole a gun from his cousin where the statements were not relevant to any fact at issue and were unduly prejudicial to the Defendant?
3. Whether the district court erred in failing to instruct the jury on the meaning of reasonable doubt?
[Document 14]

before the appellate court. *Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007). Because it has not been tendered to the appellate court for decision, an issue that has been waived on an initial appeal is "not remanded" to the district court even if other issues in the case are returned to the court below. *Id.* Given that a waived argument is not within the scope of the appellate mandate, the mandate rule thus holds that, "where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." *Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc*., 974 F.2d 502, 505 (4th Cir. 1992)

    II.    Prior Appellate Counsel Provided Ineffective Assistance of Counsel for Failing to Raise the Issue of the Illegal Arrest

        A.    Standard of Review

On appeal this Court reviews an ineffective assistance claim to determine if "counsel's performance was deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

        B.    Argument

As this issue was not raised in the initial appeal, the issue appears to be waived. *See, Omni Outdoor, supra.* Counsel made a good faith review of the record regarding this issue and could find nothing on the record to support the

claim. This Court has stated that if ineffectiveness does not conclusively appear on the face of the record any claim should be raised in a 28 U.S.C. § 2255 motion. *See United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

Respectfully submitted,

Thomas J. Saunders

3600 Clipper Mill Road, Suite 201

Baltimore, MD 21211

410-662-5586

202-320-8968

Facsimile 410-662-5589

Federal Bar # 25084

*Counsel for Appellant*

CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS

This Brief has been prepared using WordPerfect X5, 14 pt. Times Roman

EXCLUSIVE of the Table of Contents; Table of Citations; Statement with respect to oral argument; and the Certificate of Service, the Brief contains 2901 words which does not exceed the limitation of 14,000 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the Brief and/or a copy of the word or line print-out.

Respectfully submitted,

Thomas J. Saunders

CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2013, I filed with the Clerk's Office of the United States Court of Appeals for the Fourth Circuit the required number of copies of this Brief of Appellant via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

Traci L Robinson, AUSA,
Office of the United States Attorney,
36 S Charles St.,
Baltimore, MD 21201

I further certify that I served by U.S. Mail a copy of said Brief along with a full explanation of his right to file an Anders pro se brief on his behalf. to the following:

Collin Hawkins,
42786-037, USP Lee,
P.O. Box 305,
Jonesville, VA 24263

*[signature]*

Thomas J. Saunders
*Counsel for Appellant*